**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guldmann Incorporated, | No. CV-20-00274-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Vandahl Engineering and Sales Limited, et al., | |
| Defendants. | |

Guldmann, Inc. ("Guldmann) manufactures lift systems, which it sells to the U.S. Department of Veterans Affairs (the "VA"), among other clients. (Doc. 1 at 9-10.) Guldmann endorses some individuals with a certification (the "Guldmann Certification") to service its lift systems. (*Id.* at 13.) Guldmann alleges that Mr. VanWolvelaerd manufactured or caused to be manufactured a false certification representing that an employee of Vandahl Engineering and Sales, Limited ("Vandahl") received the Guldmann Certification. Guldmann contends that, as a result, on October 2, 2017 Defendants wrongly secured a VA contract to repair and service Guldmann lifts (the "Award") valued at approximately $439,000. (*Id.* at 3.) The VA had reserved the Award for Service Disabled Veteran Owned Small Businesses ("SDVOSB"). (Doc. 15 at 9.) Vandahl is a SDVOSB; Guldmann is not. (*Id.*)

On February 6, 2020, Guldmann filed a complaint that alleges two claims[1] against

---

[1] Count I of Guldmann's complaint is a request for injunctive relief. (Doc. 1 at 4.) A prerequisite to obtaining injunctive relief is success on some underlying claim. As such,

Defendants—(1) fraudulent misrepresentation arising from Defendants' alleged misrepresentations to the VA that an employee of Vandahl had obtained the Guldmann Certification and (2) tortious interference with Guldmann's business expectancy with the VA. (Doc. 1.) Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 15.) The motion is fully briefed. (Docs. 19, 20.) The Court concludes that it lacks subject matter jurisdiction and therefore does not reach Defendants' arguments brought pursuant to Fed. R. Civ. P. 12(b)(6).

Guldmann filed its complaint in federal court based on the Court's diversity jurisdiction. (Doc. 1 at 1.) "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). Guldmann argues that the amount in controversy exceeds $75,000 for three reasons, which the Court will address in turn.

First, Guldmann points to the $439,000[2] value of the Award.[3] However, Guldmann neither suggests that it should have secured the Award in the absence of Defendants' alleged misrepresentations nor requests that the Court grant the Award as a form of relief. Nor could it. The VA reserved the Award for certified SDVOSBs, which Guldmann was not. And, even if Guldmann had been a competitor SDVOSB, this Court is not the proper forum to object to the VA's selection. Any attempt to challenge the award of a contract by a federal agency in this Court constitutes an improper bid protest action. *See* 48 C.F.R. §

---

injunctive relief is not an independent cause of action, but instead is a remedy that must correspond to some other substantive claim articulated in the complaint. For these reasons, Guldmann's complaint alleges only two substantive claims, and what is styled as Count I is more appropriately considered a prayer for relief for the claims alleged in Counts II and III.

[2] In the briefing, the parties also suggest that the value of the award was $423,000 rather than $439,000. Because either amount exceeds the jurisdictional threshold, the Court need not resolve this inconsistency.

[3] Defendants point out that, even if the Award were a proper damages consideration, its $439,000 value is not the proper measure of damages. Instead, they suggest that the lost profits for the contract, approximately $43,900 based on a typical 10% profit rate, are the proper measure. (Doc. 20 at 6.)

33.103; 31 U.S.C. § 3551(1); 4 C.F.R. § 21.1(a); 28 U.S.C. § 1491. There is no basis for Guldmann to claim damages based on the Award's value.

Second, Guldmann cites the damage suffered by other SDVOSB operators who could have been the recipient of the Award and the damage to its own reputation with the VA. To begin, Guldmann lacks standing to recover damages in this action on behalf of other SDVOSB operators; the harm allegedly experienced by non-parties cannot be proffered as the basis to meet the amount in controversy requirement. Moreover, Guldmann has failed to allege that it suffered any concrete injury to its reputation resulting from Defendants' behavior. At the very most, Guldmann contends, "[i]f the equipment is not properly maintained or used, it could lead to a VA patient's injury. This would cause incalculable harm to Guldmann." (Doc. 19 at 5.) Speculation about reputational harm that might befall Guldmann cannot support a finding that the amount in controversy requirement has been met.

Third, Guldmann points to the "cost to [Defendants] of complying with the [requested] injunction." (Doc. 19 at 6.) In its request for injunctive relief, Guldmann seeks a permanent injunction "enjoining, restraining or compelling," in relevant part:

> a. VanDahl and any of its owners, including Vanwolvelaerd, agents and employees to permanently restrain from soliciting the VA or any of Guldmann's customers to perform any type of maintenance, installation or service on Guldmann equipment;
>
> b. VanDahl and Vanwolvelaerd from submitted [sic] any type of certification purporting to be from Guldmann or related to servicing Guldmann equipment to any third party[.]

(Doc. 1 at 4-5.) Guldmann fails to demonstrate that the cost suffered by Defendants resulting from the proposed injunction would exceed $75,000. The value Defendants lose by refraining from submitting a false Guldmann certification is zero. Guldmann has not suggested that Defendants have since submitted, attempted to submit, or intend to submit additional false Guldmann certifications. Further, Guldmann fails to identify concrete future Guldmann lift contracts to which Defendants will bid in the future. Mere conjecture that Defendants might seek to bid on awards to service Guldmann lifts, without more, does

not satisfy the amount in controversy requirement. In sum, Guldmann has failed to satisfy the amount in controversy requirement, the Court lacks subject matter jurisdiction and the complaint will be dismissed.

In attempt to avoid dismissal, Guldmann requests leave of Court to file an amended complaint. (Doc. 19-1.) Guldmann's proposed amendment makes additions that fall into two categories. First, it adds a line providing that the average value of Guldmann contracts with the VA from 2017 through 2019 was $966,700. Although this valuation gives the Court an idea of how much Defendants could stand to profit, should they decide to bid on and secure a VA award involving Guldmann lifts, it does nothing to resolve the issue that the Court still can only speculate as to the cost to Defendants of complying with any injunction. Any likelihood that Defendants would bid on or secure another Guldmann lift contract in the future in the absence of an injunction is purely speculative. Such abstract harm is insufficient to meet the amount in controversy requirement.

Second, Guldmann adds an alternate basis for its fraudulent misrepresentation claim. Particularly, it alleges that Defendants made representations to Guldmann that caused it to delay taking further action against Defendants—presumably by reporting the false certification issue to the VA—and because Guldmann delayed, the VA renewed the Award with Defendants. Again, this claim is an improper bid protest in disguise. The harm allegedly suffered by Guldmann is that the VA renewed the Award with Defendants, rather than selecting another servicer. Guldmann cannot complain about a federal agency's award of a contract here. Even if this Court were the proper forum to hear such grievances, Guldmann cannot demonstrate that it suffered quantifiable harm arising from the renewal of the Award that meets the amount in controversy. Because Guldmann's proposed amendment is futile, the Court will dismiss the complaint without leave to amend. Accordingly,

/ / /

/ / /

/ / /

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 15) is **GRANTED.** The Clerk of Court is directed to terminate the case.

Dated this 16th day of December, 2020.

Douglas L. Rayes
United States District Judge